IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA DEROCHE,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDY FUNKHOUSE, M. BARGAN,<br>PAMELA BARR, JILL KENNEDY,<br>JASON LANE,<br><br>    Defendants. | CIV 06-01428 PHX MHM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

      This matter is before the Magistrate Judge on referral from the District Judge, and the determination of the Magistrate Judge is dispositive of some of Plaintiff's claims. Accordingly, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C). Before the Court is Plaintiff's motion for leave to file an amended complaint (Docket No. 29).

      Plaintiff filed his initial complaint in this matter on June 2, 2006. On June 21, 2006, the Court ordered Plaintiff to pay the filing fee required in the matter or to file a new application to proceed before the Court *in forma pauperis*. See Docket No. 3. Plaintiff filed a motion to proceed *in forma*

1  *pauperis* on July 13, 2006, see Docket No. 4, and filed a motion
2  for leave to amend his complaint on August 8, 2006.  See Docket
3  No. 5.

4  On September 21, 2006, Plaintiff filed an amended
5  motion to amend his complaint.  See Docket No. 7.  On October
6  13, 2006, Plaintiff filed a first amended complaint, naming as
7  defendants M. Bargan, Pamela Barr, Jill Kennedy, Jason Lane, and
8  FNU Wandry, and naming John and Jane Does defendants.  See
9  Docket No. 8.  On December 12, 2006, the Court granted
10 Plaintiff's motion to proceed *in forma pauperis*, denied
11 Plaintiff's motion to file an amended complaint, and ordered
12 Defendant Kennedy, Bargan, Barr, Lane and Wandry be served and
13 answer the first amended complaint.  Specifically, the Court
14 ordered Defendants to answer the claim they were deliberately
15 indifferent to Plaintiff's serious medical needs because they
16 failed to provide him adequate care for his Hepatitis C.
17 Plaintiff alleged, *inter alia*, that he experienced unreasonable
18 delays, was subjected to improper testing, that he was mis-
19 diagnosed, and that he received a medication which caused
20 adverse symptoms.  See Docket No. 11.

21 Defendant Wandry was dismissed as a defendant pursuant
22 to Plaintiff's motion on February 13, 2007.  See Docket No. 19.[1]
23 Defendant Kennedy was served on or about February 16, 2007,
24 however, service on Defendants Lane, Bargan, and Barr was

---

[1] In Plaintiff's motion for a preliminary injunction at Docket No. 14, Plaintiff stated: "Lastly, Plaintiff dismisses Defendant Wandry from all future court proceedings."

-2-

returned unexecuted.

Plaintiff filed another motion to further amend his complaint on April 27, 2007, and lodged a proposed second amended complaint. See Docket No. 29 & Docket No. 30. On May 14, 2007, Defendants Bargan, Barr, Kennedy, and Lane answered the first amended complaint, as ordered by the Court on December 12, 2006. See Docket No. 32. A scheduling order was issued, allowing the parties until October 26, 2007, to complete discovery and requiring Plaintiff to file any motion to further amend his complaint by August 3, 2007. See Docket No. 33. On June 25, 2007, Defendants filed a pleading in response to several motions filed by Plaintiff. See Docket No. 40. The pleading filed by Defendants included a "Cross Motion" to dismiss Plaintiff's first amended complaint. See id.

The proposed amended complaint filed April 27, 2007, seeks to add an additional defendant, i.e., "FNU" Espirito as a defendant in this matter. As the factual basis for his claim against Defendant Espirito, Plaintiff alleges Defendant failed to provide Plaintiff with adequate Hepatitis C treatment while Plaintiff was a pre-trial detainee in August of 2006. Plaintiff contends Defendant Espirito was previously identified in his first amended complaint as a John Doe defendant.

The proposed amended complaint also seeks to add Defendant Wandry as a defendant in this matter. The Court notes Defendant Wandry was dismissed pursuant to Plaintiff's request, included in his pleading at Docket No. 14, and that the Court has previously determined Plaintiff had stated a claim for

-3-

relief against Defendant Wandry.  In his lodged second amended complaint, Plaintiff alleges Defendant Wandry prescribed the medication Seroquel for Plaintiff in October of 2004 through August of 2005.[2]  Plaintiff alleges this medication was contraindicated for the treatment of Hepatitis C and that the medication caused him physical harm.  The proposed amended complaint filed April 27, 2007, seeks injunctive relief and monetary damages, including damages for emotional suffering and pain.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires.  See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities.  This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires.  Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. This policy is applied even more liberally to pro se litigants.

Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987)(internal

---

[2] Seroquel is a medication normally prescribed to treat, inter alia, schizophrenia or bipolar disorder.

citations and quotations omitted).

In exercising its discretion with regard to a motion to amend a complaint, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment. See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991). "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 443 (internal quotations omitted). The Court would have to dismiss a claim added to a complaint if the plaintiff raised a claim that was legally frivolous or malicious, that failed to state a claim upon which relief may be granted, or that sought monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(c)(1) (2003 & Supp. 2006). Leave to amend a complaint should be granted if it appears at all possible that the plaintiff can correct a defect in his complaint. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff seeks to name specific defendants who were alleged to be individually deliberately indifferent to his serious medical needs. Accordingly, the claims stated are not futile nor does Plaintiff name defendants who may not be sued pursuant to section 1983, Therefore, the Court concludes the amendment should be allowed and that the Court should order Plaintiff to return service packets to the Court for Defendant

-5-

1  Wandry and Defendant Espirito and that the Court should order
2  these Defendants to answer Plaintiff's allegation that they were
3  deliberately indifferent to his serious medical needs.

5  **THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to
6  amend his complaint (Docket No. 29) be **granted** to the extent
7  stated in this Report and Recommendation.

8  This recommendation is not an order that is immediately
9  appealable to the Ninth Circuit Court of Appeals. Any notice of
10 appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
11 Procedure, should not be filed until entry of the district
12 court's judgment.

13 Pursuant to Rule 72(b), Federal Rules of Civil
14 Procedure, the parties shall have ten (10) days from the date of
15 service of a copy of this recommendation within which to file
16 specific written objections with the Court. Thereafter, the
17 parties have ten (10) days within which to file a response to the
18 objections. Failure to timely file objections to any factual or
19 legal determinations of the Magistrate Judge will be considered
20 a waiver of a party's right to de novo appellate consideration
21 of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,
22 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003).
23 Failure to timely file objections to any factual or legal
24 determinations of the Magistrate Judge will constitute a waiver
25 of a party's right to appellate review of the findings of fact
26 and conclusions of law in an order or judgment entered pursuant
27 to the recommendation of the Magistrate Judge.

DATED this 17th day of September, 2007.

*Mark E. Aspey*
Mark E. Aspey
United States Magistrate Judge