1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                      FOR THE DISTRICT OF ARIZONA

9    JOSHUA DEROCHE,                    )
                                        )
10            Plaintiff,                )
                                        )
11        v.                            )    CIV 06-01428 PHX MHM (MEA)
                                        )
12   LINDY FUNKHOUSE, M. BARGAN,        )      REPORT AND RECOMMENDATION
     PAMELA BARR, JILL KENNEDY,         )
13   JASON LANE,                        )
                                        )
14            Defendants.               )
     _____)
15

16   TO THE HONORABLE MARY H. MURGUIA:

17            This matter is before the Magistrate Judge on referral

18   from the District Judge, and the determination of the Magistrate

     Judge is dispositive of some of Plaintiff's claims.
19
     Accordingly, the following proposed findings of fact, report,
20
     and recommendation are made pursuant to Rule 72(b), Federal
21
     Rules of Civil Procedure, and 28 U.S.C. § 28(b)(1)(B) and (C).
22
              **I Procedural background**
23
              Plaintiff filed his initial complaint in this matter on
24
     June 2, 2006, and he filed an amended complaint on October 13,
25
     2006.  The amended complaint named as defendants M. Bargan,
26
     Pamela Barr, Jill Kennedy, Jason Lane, and FNU Wandry, and it
27
     also named John and Jane Doe defendants.  See Docket No. 8.  On
28

December 12, 2006, the Court granted Plaintiff's motion to proceed *in forma pauperis*, and ordered Defendants Kennedy, Bargan, Barr, Lane and Wandry be served and answer the first amended complaint. Specifically, the Court ordered Defendants to answer the claim they were deliberately indifferent to Plaintiff's serious medical needs because they failed to provide him adequate care for his Hepatitis C. Plaintiff alleged, *inter alia*, that he experienced unreasonable delays in treatment, was subjected to improper testing, that he was mis-diagnosed, and that he received a medication which caused adverse symptoms. See Docket No. 11.

Defendant Wandry was dismissed as a defendant pursuant to Plaintiff's motion on February 13, 2007. See Docket No. 19. Defendant Kennedy was served on or about February 16, 2007, however, service on Defendants Lane, Bargan, and Barr was returned unexecuted.[1]

Plaintiff filed a motion to amend his complaint on April 27, 2007, and lodged a proposed second amended complaint. See Docket No. 29 & Docket No. 30. The proposed second amended complaint filed prior to the date that a responsive pleading was filed, sought to add additional defendants, i.e., "FNU" Espirito and Defendant Wandry. The second amended complaint alleges Defendant Wandry prescribed the medication Seroquel for

---

[1] The address indicated by Plaintiff for Defendant Wandry which was unsuccessful was "Dr. Wandry" at the address of the Correctional Health Services on West Monroe in Phoenix, Arizona. See Docket No. 20. The return of service unexecuted indicated there was no employee by the last name of Wandry at the Correctional Health Services office.

-2-

Plaintiff in October of 2004 through August of 2005 (Seroquel is medication for schizophrenia, bi-polar disorder, or mania). Plaintiff alleges this medication was contraindicated for the treatment of Hepatitis C and that the medication caused him physical harm.

On May 14, 2007, Defendants Bargan, Barr, Kennedy, and Lane answered the first amended complaint. <u>See</u> Docket No. 32. A scheduling order was issued, allowing the parties until October 26, 2007, to complete discovery, and requiring Plaintiff to file any motion to amend his complaint by August 3, 2007. <u>See</u> Docket No. 33. On May 21, 2007, Plaintiff filed a motion to "receive" the true identities of the Jane and John Doe defendants. <u>See</u> Docket No. 34.

On September 19, 2007, the undersigned filed a Report and Recommendation recommending that the motion to allow the filing and service of a second amended complaint be granted. <u>See</u> Docket No. 56.[2] On February 19, 2008, the Court adopted the Report and Recommendation and ordered that service packets be provided to the Plaintiff for Defendant Espirito and Defendant Wandry. <u>See</u> Docket No. 68. Plaintiff completed service packets for these defendants and returned them to the Court.

Service on Defendant Espirito was executed. On April 9, 2008, the United States Marshal returned notice of service

---

[2] On June 25, 2007, Defendants filed a pleading in response to several motions filed by Plaintiff. <u>See</u> Docket No. 40. The pleading filed by Defendants included a "Cross Motion" to dismiss Plaintiff's complaint. <u>See</u> <u>id.</u> The motion to dismiss was denied on March 28, 2008.

unexecuted on Defendant Wandry.  See Docket No. 71.  Plaintiff
had indicated the first name of this defendant was unknown and
that they could be served at the office of Correctional Health
Services on West Monroe in Phoenix, Arizona.  Service by mail
was returned with the notation dated March 25, 2008, that
Defendant Wandry was not an employee of Maricopa County.  The
Marshal indicated they were unable to find Defendant Wandry.
See Docket No. 71.

On April 23, 2008, the undersigned ordered the Arizona
Department of Corrections and/or the Arizona Attorney General to
provide, under seal, the last known address of Defendant Wandry.
See Docket No. 73.  On April 30, 2008, the undersigned issued a
scheduling order with regard to the claims stated in the second
amended complaint.  Discovery is due by August 28, 2008, and
dispositive motions are to be filed by November 11, 2008.  See
Docket No. 74.  Defendants Kennedy, Bargan, Barr, Lane and
Espiritu filed an answer to the second amended complaint.

On May 14, 2008, Defendants filed a response to the
order at Docket No. 73.  See Docket No. 76.  Defendants aver
that there is not now nor has there ever been an employee of the
Arizona Department of Corrections with the last name of Wandry
and that this defendant "may be an employee of the county jail."
Id.

On June 10, 2008, the undersigned issued an Order to
Show Cause, requiring Plaintiff to show cause for his failure to
serve Defendant Wandry within the time specified by Rule 4,
Federal Rules of Civil Procedure, and the Court's order of

-4-

February 8, 2008. <u>See</u> Docket No. 77. Plaintiff filed his response to the Order to Show Cause on July 7, 2008. Plaintiff states that Defendant Wandry was an employee of the Maricopa County Jail and that "a thorough search of current and past employee records of the Maricopa County jail would determine this." Docket No. 78. Plaintiff also states Defendant Wandry's first name is indicated in a previous pleading, apparently referencing his filing at either Docket No. 45 or Docket No. 51. The undersigned's review of these pleadings does not reveal any indication of Defendant Wandry. Plaintiff asks the Court to order that the Maricopa County jail perform a thorough search of their employee records and provide a current address for Defendant Wandry to the Court.

Federal Rule of Civil Procedure 4(m) provides that if

> a defendant is not served within [the time allowed], the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. See <u>Walker v. Sumner</u>, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service). However, the Ninth Circuit has held that the United States Marshal's failure to effect service for a prisoner proceeding in forma pauperis constitutes "good cause." <u>See</u> <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990) ("we hold that an

incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."). In <u>Puett</u> the Ninth Circuit reasoned that the plaintiff's failure to obtain proof of service was not due to his neglect because he conscientiously took several steps to ensure that the defendants would be served, stating: "[Plaintiff] obtained proof that the ... defendants were, indeed, at the address that he provided to the U.S. Marshal. He repeatedly requested that the defendants be personally served when mail services failed." <u>Id.</u>, 912 F.2d at 276.

The Seventh Circuit has held that in the case of an in forma pauperis plaintiff who is reliant on the United States Marshal for service, if the Marshal is able to obtain an address for a former prison employee using reasonable methods, then the requisite showing of "good cause" is satisfied for the purposes of Rule 4(m). <u>Graham v. Satkoski</u>, 51 F.3d 710, 712 (7th Cir.1995).

> In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

-6-

> summons and complaint and ... should not be
> penalized by having his action dismissed for
> failure to effect service where the U.S.
> Marshal or the court clerk has failed to
> perform his duties.'"

Walker, 14 F.3d at 1422.[3] "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause ....'" Id. However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court may, sua sponte, dismiss the unserved defendants. Id., 14 F.3d at 1421-22.

Plaintiff has failed to show good cause for his failure to effect timely service. Neither Maricopa County Correctional Health Services nor the Maricopa County "jail" are parties to this matter which might be ordered to provide a last known address for this defendant. Additionally, the undersigned notes it is unlikely that either of these entities would have a current address for this defendant, as the Correctional Health

---

[3]

28 U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint. []
Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996).

Services indicated more than one year ago that no employee with that last name was employed by that entity at that time. Furthermore, neither the Marshal Service nor the Court may engage in investigatory efforts on behalf of parties to a lawsuit as this would improperly place the Court in the role of a plaintiff's advocate. <u>Cf.</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding the court should not assume the role of advocate for a pro se litigant).

Plaintiff has failed to establish that the address provided with his service packet was ever a valid address for Defendant Wandry, especially given that, upon returning a service packet for his second amended complaint Plaintiff provided an address at which he knew Defendant Wandry could not be found given that service of the first amended complaint at that address had failed. Moreover, Plaintiff fails to offer any excuse for his failure to pursue a better address through discovery or to take any action to obtain an extension of time for service, or to timely obtain assistance in completing service.

The Court retains discretion to grant a permissive extension of time to serve, even in the absence of good cause, where there is no statute of limitations bar, a lack of prejudice to the defendant, or where the defendant has actual notice of a lawsuit or where the defendant was eventually, although not timely, served. <u>See</u> <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007). Plaintiff does not argue that any of these factors are extant in this case. Moreover, this case

-8-

has otherwise proceeded apace.   The undersigned finds no basis to permissively extend the time for service.

Accordingly,

**IT IS RECOMMENDED that** Defendant Wandry be dismissed as a defendant in this matter for Plaintiff's failure to effect service on this defendant.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.   Thereafter, the parties have ten (10) days within which to file a response to the objections.   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.   See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).   Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the

recommendation of the Magistrate Judge.

DATED this 14th day of July, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

-10-