**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSHUA DEROCHE, | No. CV 06-1428-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| LINDY FUNKHOUSER, M. BARGAN, PAMELA BARR, JILL KENNEDY, JASON LANE, REDENTOR ESPIRITU, FNU WANDRY, | |
| Defendant. | |

Plaintiff *pro se*, Joshua DeRoche ("Plaintiff"), filed this civil rights action under 42 U.S.C. § 1983 against various officials at the Maricopa County Fourth Avenue Jail (Dkt. #69). The matter was referred to United States Magistrate Judge Mark E. Aspey, who has issued a Report and Recommendation (Dkt. #80) recommending that the Court dismiss without prejudice Defendant FNU Wandry ("Defendant") pursuant to Federal Rules of Civil Procedure ("FRCP") 4(m). Plaintiff has filed a written objection to the Report and Recommendation.

**STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those

facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## DISCUSSION

The relevant authority, as set forth in the Magistrate Judge's Report and Recommendation is as follows. FRCP 4(m) provides that if

> a defendant is not served within [the time allowed], the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time period for service for an appropriate period.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994). However, the Ninth Circuit has held that the United States Marshal's failure to effect service for a prisoner proceeding *in forma pauperis* constitutes "good cause." See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) ("[W]e hold that an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."). Nonetheless, the plaintiff must provide the U.S. Marshal with the "information necessary to identify the defendant . . . ." Walker, 14 F.3d at 1422. Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court may, *sua sponte*, dismiss the unserved defendants. Id. at 1421-22. Furthermore, neither the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a

1 lawsuit as this would improperly place the Court in the role of an advocate. Hall v.
2 Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the court should not assume
3 the role of advocate for a pro se litigant).

4       Plaintiff contends that he provided accurate and sufficient information to effect
5 service on Defendant. Since neither the Marshal's Service or the Court are permitted to
6 conduct investigatory efforts on behalf of Plaintiff, the Court must rely on the information
7 provided by Plaintiff. Plaintiff points to the fact that he has consistently provided an
8 address and alternate address for Defendant Wandry. See Dkt. #s 8, 69, 71. However,
9 Plaintiff was advised that the addresses provided for Defendant Wandry were not accurate
10 after the first attempt to serve him. Plaintiff was notified as early as February 2007, that
11 Defendant was no longer employed at the Maricopa County Jail or by Maricopa County
12 Correctional Health Services. See Dkt. #20. Further, neither Correctional Health
13 Services, nor the Maricopa County Jail are parties to this matter, and thus may not be
14 ordered to provide a last known address. Regardless, the Correctional Health Services
15 indicated more than one year ago that no employee with the last name of Wandry was
16 employed by the Service at that time; it is unlikely that either entity would be able to
17 provide a current address for Defendant Wandry. As such, the Court finds that Plaintiff
18 has not provided the U.S. Marshal Service's with information that is accurate and
19 sufficient enough to be able to effect service on Defendant Wandry.

20       Plaintiff also argues that he has been denied the opportunity to undertake
21 additional discovery in order to ascertain Defendant Wandry's current address. Plaintiff
22 points to the fact that discovery did not close until August 28, 2008. However, the mere
23 fact that discovery concluded after the time required for Plaintiff to execute service on
24 Defendant Wandry under Rule 4(m) is not a defense; the close of discovery and the time
25 allotted for service of process are not the same (although the time allotted for service may
26 be extended for an appropriate period upon a showing of good cause). Plaintiff has had
27 ample opportunity to submit discovery requests regarding Defendant Wandry's current
28 address, but failed to do so until August 20, 2008. Plaintiff points to no other factors that

- 3 -

1  would constitute "good cause" for his delay in attempting to effect service on Defendant
2  Wandry.  Therefore, the Court finds that Plaintiff fails to show good cause for his delay in
3  effecting service on Defendant Wandry.
4      The Court notes that it retains discretion to grant a permissive extension of time to
5  serve, even in the absence of good cause, where there is no statute of limitations bar, lack
6  of prejudice to the defendant, or where the defendant was eventually, although not timely,
7  served.  See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  However, the Court
8  will not grant such an extension of time to serve in the instant case.  Plaintiff does not
9  argue that any of the above factors are present, and the Court finds no compelling basis to
10 permissively extend the time allotted for service under FRCP 4(m).
11     **Accordingly**,
12     **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
13 Recommendation (Dkt. #80) in its entirety as the Order of the Court.
14     DATED this 15th day of September, 2008.

Mary H. Murguia
United States District Judge